UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEZLEE DUTTON,

       Plaintiff,                                    Hon. Janet T. Neff

v.                                                   Case No. 1:10-CV-743

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's <u>Motion to Dismiss Complaint</u>. (Dkt. #5). Specifically, Defendant asserts that Plaintiff's complaint must be dismissed on the ground that it was not timely filed. Plaintiff has not responded to Defendant's motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

On July 29, 2010, Plaintiff initiated the present action appealing the Commissioner's decision denying her claim for benefits. Pursuant to 42 U.S.C. § 405(g), appeals such as this must be filed in the district court within 60 days of the Commissioner's final decision. This requirement is not jurisdictional in nature, but instead operates as a statute of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). However, because this limitations period constitutes a waiver of sovereign immunity it "must be strictly construed." *Id.* at 479. As discussed below, Plaintiff's action was filed after the expiration of the relevant 60 day period. While equitable tolling of the limitations period is appropriate in certain limited circumstances, Plaintiff has failed to establish

entitlement thereto. Furthermore, while Plaintiff could have requested from the Commissioner an extension of time within which to initiate his appeal in the district court, she made no such request.

Plaintiff filed for disability benefits on February 17, 2006. (Dkt. #5, Exhibit 2). Her application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). On October 24, 2007, Plaintiff appeared before ALJ James Prothro. In a decision dated September 26, 2008, the ALJ determined that Plaintiff was not disabled. *Id.* Plaintiff appealed this determination to the Appeals Council. (Dkt. #5, Exhibit 3). In a decision dated May 21, 2010, the Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. This decision instructed Plaintiff that if she wished to seek judicial review of the Commissioner's determination, she must do so within 60 days. Plaintiff was further informed that

> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.

*Id.*

Accordingly, the 60 day period began to run May 26, 2010, and expired on July 26, 2010. Plaintiff initiated the present action on July 29, 2010. (Dkt. #1). Thus, Plaintiff's action is untimely. The Court notes that Plaintiff's complaint is dated July 24, 2010. However, even if the Court assumes that Plaintiff prepared and mailed her complaint prior to the expiration of the limitations period, the result is the same. *See Manganiello v. Secretary of Health and Human Services*, 1983 WL 44218 at *1 (S.D.N.Y., Sep. 19, 1983) (the timely filing requirement "is not satisfied by the mere mailing of the necessary papers within the allotted time").

2

As indicated above, the relevant statute of limitations is subject to equitable tolling in certain circumstances. However, Plaintiff has not established entitlement to such relief. As previously noted, Plaintiff has failed to even respond to the present motion to dismiss. Plaintiff was clearly notified of the time period within which to file her claim in the district court and there is neither evidence nor allegation that Defendant undertook any improper action in this matter. *See Bowen*, 476 U.S. at 481-82; *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994); *White v. Commissioner of Soc. Sec.*, 2003 WL 22905309 at *1-2 (6th Cir., Nov. 26, 2003). Finally, while Plaintiff could have requested an extension of time within which to file her appeal in the district court, she did not request any such extension. (Dkt. #5, Exhibit 1).

**CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the present action was not timely filed and that, therefore, Defendant's motion to dismiss must be **granted**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: January 24, 2011  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge